# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN D. BRYANT,<br><br>        Plaintiff,<br><br>    v.<br><br>SHERRY LOPEZ, et al.,<br><br>        Defendants. | CASE NO: 1:11-cv-01925-LJO-GBC (PC)<br><br>ORDER DENYING RULE 59(e) MOTION FOR RECONSIDERATION<br><br>Doc. 6 |

## I. Procedural Background

On November 18, 2011, Plaintiff Kevin D. Bryant ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On December 21, 2011, the Court denied Plaintiff's motion to proceed in forma pauperis status pursuant to the three strike provision under 28 U.S.C. § 1915(g) and dismissed the action, without prejudice. Doc. 4. On January 3, 2012, Plaintiff filed a motion for reconsideration, alleging that the Court incorrectly classified his prior cases as strikes. Doc. 6.

## II. Legal Standard for Rule 59(e) Motion for Reconsideration

Under Federal Rule of Civil Procedure 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment. Fed. R. Civ. P. 59(e). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)). But amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." *Id.* In general, there are four basic grounds upon which a Rule 59(e) motion may

be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *Id.*

### III. Plaintiff's Prior Cases, which the Court Counted as Strikes

In Plaintiff's motion for reconsideration, Plaintiff alleges that the Court incorrectly classified his prior cases as strikes. Pl. Mot. Recons. at 1-2, Doc. 6. In the order denying Plaintiff's motion to proceed in forma pauperis, the Court took judicial notice of the following cases, which counted as strikes: *Bryant v. Pacheco, et al.*, 5:09-cv-01306-UA-FMO (C.D. Cal.), Doc. 1 (dismissed July 23, 2009, as frivolous); 2) *Bryant v. Briones-Colman, et al.*, 5:09-cv-01460-UA-FMO (C.D. Cal.), Doc. 2 (dismissed August 17, 2009, as frivolous); and 3) *Bryant v. Hanks, et al.*, 2:10-cv-03199-UA-FMO (C.D. Cal.), Doc. 2 (dismissed May 7, 2010, for failure to state a claim).

Plaintiff contends that *Bryant v. Pacheco* was a case for breach of contract and that *Bryant v. Briones-Colman* was a tort action, and that Plaintiff incorrectly filed these cases because he is not an attorney. Pl. Mot. Recons. at 1-2, Doc. 6.

In *Bryant v. Pacheco*, Plaintiff filed a civil rights complaint pursuant to § 1983, alleging claims against twenty-one (21) defendants including district attorneys, a wife of a district attorney, judges, counties of California, the people of the State of California, and the governor of California. *See Bryant v. Pacheco, et al.*, 5:09-cv-01306-UA-FMO (C.D. Cal.), Doc. 1, dated July 23, 2009. In Plaintiff's complaint, he alleged Defendants acted under color of law in committing commercial and criminal fraud against Plaintiff. *See Bryant v. Pacheco*, Pl. Compl. & Order of Dismissal at 3. The Court noted that breach of contract fails to state a claim under § 1983. *Id.* The Court also found that to the extent Plaintiff challenges his conviction, it would be a habeas petition and barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[1] *Id.* at 4. Moreover, virtually all of the defendants were entitled

---

[1] Dismissals pursuant to *Heck* count as § 1915(g) strikes as Plaintiff would fail to state a claim. *See Romero v. United States, et al.*, 2011 U.S. Dist. LEXIS 39224 (D. Az. Apr. 5, 2011) (finding cases dismissed pursuant to *Heck* are dismissals for failure to state a claim); *accord Ransom v. Martinez, et al.*, 2011 U.S. Dist. LEXIS 31370 (E.D. Cal. Mar. 10, 2011); *Bell v. Dikin*, et al., 2010 U.S. Dist. LEXIS 140221 (E.D. Cal. Jan. 3, 2011); *Hamilton, v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

to immunity by the Eleventh Amendment and absolute judicial immunity. *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). The Ninth Circuit denied Plaintiff's motion to proceed in forma pauperis because it found his appeal to be frivolous. *Bryant v. Superior Court of California, et al.*, No. 09-56530 (9th Cir. 2010) (dismissed Mar. 9, 2010).

In *Bryant v. Briones-Colman*, Plaintiff filed a civil rights complaint pursuant to § 1983, alleging claims against several public defenders, the Riverside County Public Defender's office, the Riverside County supervisor-chairman, and the County of Riverside. *See Bryant v. Briones-Colman, et al.*, 5:09-cv-01460-UA-FMO (C.D. Cal.), Doc. 2 (August 17, 2009). In Plaintiff's complaint, he alleged Defendants committed fraud and racial discrimination in their representation of Plaintiff and that they violated his rights of due process and equal protection of law. *See Bryant v. Briones-Colman*, Pl. Compl. & Order of Dismissal at 2, Doc. 2. The Court noted that the public defender in a state court trial is a private individual for purposes of § 1983. *See* Order of Dismissal at 3. The Court also found that to the extent Plaintiff challenges his conviction, it would be a habeas petition and barred by *Heck*. *Id.* at 4.

The Court finds that these two cases, *Bryant v. Pacheco* and *Bryant v. Briones-Colman*, were correctly counted as strikes since they were frivolous. *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (for § 1915(g) purposes, a case is frivolous if it is "of little weight or importance: having no basis in law or fact").

//
//
//
//
//
//
//
//
//

### IV. Conclusion

The Court finds that Plaintiff has failed to demonstrate any one of the four grounds to entitle him to reconsideration pursuant to Rule 59(e). The Court finds that its order denying Plaintiff's motion to proceed in forma pauperis pursuant to the three strike provision under 28 U.S.C. § 1915(g) and dismissing the action, without prejudice, is not a manifest error of law; there is no newly discovered evidence; it is not necessary to prevent manifest justice; and there is no change in controlling law.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration filed on January 3, 2012 is DENIED.

IT IS SO ORDERED.

Dated:    February 9, 2012                              /s/ Lawrence J. O'Neill
                                                   UNITED STATES DISTRICT JUDGE